CIBES ET AL., PLAINTIFFS AND APPELLANTS, *v.* SANTOS ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1164.—Decided March 27, 1915.

DEMURRER—CAPACITY TO SUE—CONCLUSION OF LAW—COMPLAINT.—The demurrer on the ground of lack of legal capacity to sue, provided for in subdivision 2 of section 105 of the Code of Civil Procedure, involves a conclusion of law which must be deduced from certain facts, and unless such facts are alleged in the complaint the defendant must plead them, as prescribed in section 106 to the effect that the demurrer must distinctly specify the grounds upon which any of the objections to the complaint are taken.

ID.—COMPLAINT—ANSWER—ALLEGATIONS OF FACT.—Both the complaint and the answer should contain allegations of fact, whether constitutive of a cause of action or as a ground of demurrer, in order that the said facts may serve as a basis for the decision of the legal questions raised.

ID.—CAPACITY TO SUE—PARTITION.—The fact that the promissory note in controversy was not included in the partition, but was expressly excluded therefrom for future distribution by the plaintiffs themselves, does not sustain the demurrer based on lack of legal capacity to sue, for it has no bearing on the legal capacity of the plaintiffs, but on the existence of a cause of action.

EXECUTORS—COLLECTION OF DEBTS.—Section 876 of the Civil Code prescribes the limited powers of executors in case the testator may not have determined them specifically, and the power to collect the debts owing to the deceased is not included among them.

ID.—CAPACITY TO SUE—HEIRS.—The capacity to sue recognized in executors does not abridge the right which the heirs of the deceased have to do the same.

PARTITIONERS.—The functions of partitioners are limited, as the word indicates, to the partition of the estate.

SUCCESSION—CAPACITY TO SUE.—The fact of the existence of the entity ''succession of the deceased'' is no reason for denying the capacity of the widow and children of the deceased to sue, because they themselves form the said succession.

ADMINISTRATION—ABSENT MINORS.—Section 25 of the Law of Special Legal Proceedings, approved March 9, 1905, as amended by the Act of March 8, 1906, provides that when there is a legal representative of the absent minors in the jurisdiction of the last place of residence of the deceased, such as the mother, judicial administration of the estate of the deceased is not necessary.

PATRIA POTESTAS—GUARDIAN AD LITEM—TUTOR.—Section 56 of the Code of Civil Procedure does not repeal section 223 of the Civil Code; and, harmonizing the provisions of the two codes, the conclusion is that by reason of the *patria potestas* the father or the mother may represent their minor children, and that only when there are conflicting interests the children may be represented by their general tutor or by a guardian *ad litem* appointed by the court.

ID.—CONFLICTING INTERESTS.—Section 230 of the Civil Code is not applicable to an action of debt when a mother is defendant in her own name and in representation of her minor children, because in such a case the interests are common and not conflicting.

OBLIGATION, JOINT AND SEVERAL.—The solidarity of the obligation not having been established in the present case in conformity with section 1104 of the Civil Code, the controversy between the parties must be decided in favor of the plaintiffs to the effect that both defendants are liable jointly for the obligation sued on in the complaint.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellants.

The respondents did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought in the District Court of Mayagüez by Isabel Cibes y Estela in her own name and also as

mother with *patria potestas* over her minor children born during her wedlock with Julián Herencia y Gozalvo, deceased, the names of said children being Julián, Juan, Rosa, Fernando and Roberto Herencia y Cibes. Another plaintiff is Isabel Herencia y Cibes, in her own right and joined by her husband, Alfredo Lassise. The object of the action is to obtain a judgment against the defendant spouses William J. Santos and Fausta Aponte de Santos, for the payment by them jointly and severally to the plaintiffs of the sum of $1,500 due by a promissory note, with legal interest from the time the complaint was filed, together with costs, expenses, disbursements and attorney's fees.

The said promissory note, as transcribed in the amended complaint which was served upon the attorney for the defendants, reads as follows:

"For $1,500—Due June 30, 1912.

"I owe and hereby promise to pay to the order of Julián Herencia on June 30, 1912, the sum of ONE THOUSAND FIVE HUNDRED DOLLARS, American gold, for value received from said Herencia to my entire satisfaction, and to insure the faithful and exact fulfilment of this my obligation, I subject and charge all my present and future property and bind myself not to alienate the same until I have paid the said amount in full, and I agree * * * in case my creditor should grant me any extension of time to pay the interest agreed upon of * * * per cent * * * waiving all laws in * * * favor and the general law, in due form, as well as that of *non numerata pecunia*, evidence and time-allowance, the right of domicile, exemption and venue. In the event of a suit to recover I agree to pay * * * dollars for expenses and costs, including attorney's fees, and I submit to the exclusive jurisdiction of the court. Mayagüez, P. R., June 3, 1912. Fausta Aponte de Santos, per Wm. J. Santos. Wm. J. Santos."

The plaintiffs allege in their complaint that on June 3, 1912, defendant William J. Santos, in his own behalf and as attorney in fact of his wife, Fausta Aponte de Santos, the other defendant, signed and delivered to Julián Herencia y Gozalvo the said promissory note for $1,500 to become

due on June 30 of the same year; that the defendants failed to pay the note in whole or in part at its maturity although countless demands were made upon them therefor; that the holder of the note, Julián Herencia y Gozalvo, died testate in Mayagüez on May 17, 1913, naming, in the manner required by law, his six legitimate children, the plaintiffs, who were born during his wedlock with Isabel Cibes y Estela, and his said wife as his sole and universal heirs, and that the plaintiffs, as the testamentary heirs of Julián Herencia y Gozalvo, are the common and joint owners of the promissory note, which is in their possession and has not been endorsed to any other person.

In their answer to the complaint the defendants specifically and generally denied each and all of the allegations thereof, and alleged as additional and special grounds of defense: (1) That with the exception of Isabel Cibes y Estela and Isabel Herencia y Cibes none of the plaintiffs has legal capacity to bring the present action; (2) that neither the plaintiffs nor any one of them are the owners of the primissory note on which the action is based; (3) that the defendants have not been and never were notified that the said promissory note had been endorsed to, claimed by or allotted to the plaintiffs or any of them or any other person.

A trial was had and on May 13, 1914, the court rendered judgment declaring the law and the facts to be in favor of the defendants and therefore the amended complaint was dismissed without special imposition of costs, leaving the plaintiffs at liberty to bring any other action which they might deem expedient and proper for the enforcement of such rights as they may possess, from which judgment the attorney for the plaintiffs appealed to this court.

The appellants set up two grounds in support of the appeal and they consist of the following assignment of errors of law:

"*First.* That the lower court erred in considering and passing upon defendants' plea of plaintiffs' lack of capacity to sue, it hav-

ing been pleaded in the form of a demurrer without alleging the legal grounds and reasons therefor.

"*Second.* That the lower court erred in holding that the plaintiffs had no legal capacity to bring and prosecute this suit in their individual character as heirs."

Before entering upon a consideration of the grounds of the appeal it would be well to set forth the findings of fact and conclusions of law on which the lower court based its judgment.

The court found that all the allegations of the complaint had been proven, *i. e.*, the making of the promissory note to the order of Julián Herencia y Gozalvo in the terms shown on its face, the failure to pay the said note in whole or in part, and the death of Julián Herencia y Gozalvo leaving a will in which he designated his children, the plaintiffs, and his wife, also a plaintiff herein, as his sole and universal heirs in the manner prescribed by law.

The court also found that by reason of the death of Julián Herencia y Gozalvo a partition of his estate was made and the promissory note under consideration was not included in the inventory or allotted to the heirs but was left in the possession of the widow, Isabel Cibes y Estela, so that she might collect, compromise or assign the same as she might see fit, for which purpose they undertook to confer such powers upon her as might be necessary; that besides the widow, Isabel Cibes y Estela, who figured in the partition proceedings in her own right and as executrix-partitioner, she having been named as such in the will of her deceased husband, Isabel Herencia y Cibes and José Cibes y Estela were also parties thereto, the latter as defensor under appointment by the court of the minors Herencia y Cibes, two of whom, Julián and Juan, were living in Germany when the partition was made; that the parties to the partition deducted 8 per cent from the capital subject to distribution among the heirs, to cover such losses as might result on outstanding claims and the expenses incident to their collection, and that the

partition proceedings were approved by the court on September 2, 1913.

After making the foregoing findings of fact, the lower court stated that it would consider and determine the legal phase of the question, which it did in the following manner:

"In the first place the court is of the opinion that from the manner in which this action is brought it has not been proven that the plaintiffs have the legal capacity to bring it or that they are the owners of the note in question, and these are essential requisites for the recovery sought.

"And, in our opinion, this reasoning is supported by the fact that the note in litigation was not included in the partition, but was expressly excluded therefrom for future distribution by the plaintiffs themselves. In such circumstances, it seems that in the manner and character in which they appear in this action, the plaintiffs have not sufficient capacity nor right to enforce their claims against the defendants.

"The payee of the said promissory note having died leaving a will in which he named an executrix-partitioner, we do not see how these plaintiffs in their individual character of heirs can bring and prosecute this action in the name of all and each of them personally, as there exists in this case the entity of the succession of the deceased, the only party, in our opinion, who would probably have capacity to bring this action. There is another circumstance which the court has taken into consideration in deciding this case and that is whether this action should have been brought by an administrator duly appointed by the court, there being some minors among the plaintiffs who were residing outside of Porto Rico when the said partition was made."

It seems that the court has reached the conclusion that the plaintiffs have not the legal capacity to sue in the present case and are not the owners of the promissory note sought to be collected, for the following reasons: (*a*) Because the promissory note in controversy was not included in the partition but expressly excluded therefrom for future distribution by the plaintiffs themselves; (*b*) because the holder of the note, Julián Herencia y Gozalvo, named an executrix-partitioner; (*c*) because there is a succession of the deceased;

an entity which, in its opinion, probably only has the legal capacity to bring the action; (d) because as there are minors among the plaintiffs who were residing outside of Porto Rico when the partition was made, in order to decide the case it should be considered whether or not an administrator duly appointed by the court should have brought the action.

The foregoing statement must serve us as a guide in considering and deciding whether or not the errors assigned by the appellants in their brief were committed in the judgment rendered, for in the answer to the complaint the defendants do not inform us wherein consists the lack of legal capacity to sue which is alleged in the answer as a defense, on which lack of legal capacity the judgment properly rests.

Let us examine the first error. As stated before, the defendants alleged in their answer, as matter of additional and special defense, that none of the plaintiffs, except Isabel Cibes y Estela and Isábel Herencia y Cibes, had the legal capacity to sue in this case.

The said allegation involves the ground of demurrer established in subdivision 2 of section 105 of the Code of Civil Procedure which may be pleaded as such when the defect appears on the face of the complaint, or in the answer in accordance with section 108 of the same code, and section 139 provides also that a demurrer is not waived by filing an answer at the same time; but as a demurrer on the ground of lack of legal capacity to sue involves a conclusion of law which must be derived from certain facts, unless such facts are alleged in the complaint, the defendant must plead them as is provided by section 106 which prescribes that the demurrer must distinctly specify the grounds upon which any of the objections to the complaint are taken.

Both the complaint and the answer should contain allegations of fact, whether constitutive of a cause of action or as a ground of demurrer, in order that said facts may serve as a basis for the decision of the legal questions raised, for if the facts are lacking it cannot be determined what law

is applicable. This happens in the present case in which, being ignorant of the facts which determine the lack of legal capacity of the plaintiffs, the court has no basis for considering and deciding the said demurrer based thereon. Said demurrer could have been overruled for not having been pleaded in the proper manner.

But let us take as a basis of discussion the findings of fact and conclusions of law of the court as recited in its opinion, inasmuch as the facts have not been pleaded by the defendants, in order to consider the merits of the demurrer on the ground of lack of capacity to sue and let us examine the second ground of appeal.

We have already set out under letters *a, b, c, d* the reasons which the lower court had for holding that the plaintiffs lack legal capacity to sue and are not the owners of the promissory note.

The reason given under letter *a,* that the promissory note in controversy was not included in the partition but was expressly excluded therefrom for future distribution by the plaintiffs themselves, does not sustain said demurrer because it has no bearing on the legal capacity of the plaintiffs but on the existence of a cause of action. As to the latter, far from showing a lack thereof it favors a contrary view, for if the note in controversy was not allotted to any of the persons composing the Succession of Julián Herencia, none of them personally acquired the ownership thereof but it remained the property of the said succession in common *pro indiviso,* therefore the said succession has a right to bring the proper action to recover on it.

Section 876 of the Civil Code prescribes the limited powers of executors in case the testator may not have determined them specially, and the power to collect debts owing to the deceased is not included among them. Although section 53 of the Code of Civil Procedure provides that an executor, administrator or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with

them the persons for whose benefit the action is presented, it seems to us that that provision as to procedure should be harmonized with the provisions of the substantive law regarding executors contained in the Civil Code, that is, that the joinder of the person for whose benefit the action is prosecuted is not necessary when the executor acts within his legal powers.

However, the power to sue recognized in executors does not abridge the right which the heirs of the deceased have to do the same.

The functions of partitioners are limited, as the word indicates, to the partition of the estate.

It is true that in the deed of partition of the estate left by Julián Herencia, deceased, there appears, among other accounts due, the promissory note upon which the present action is brought, the heirs having agreed that no allotment should be made of the said accounts "but that they remain in the possession of the widow in order that she may take steps to collect the same, giving her full powers for that purpose to begin and prosecute all such actions as she may deem necessary or to compromise or assign them without any restrictions whatsoever, and to that effect they confer upon her whatever powers may be necessary, and if she should succeed in collecting them, the proceeds obtained shall be distributed in the same manner and proportion as the inventoried property was distributed."

The said authorization constituted a power of attorney in favor of the widow of Herencia for the collection of the accounts to which it refers, but she has not seen fit to exercise that power; therefore we see no reason why the heirs could not take steps to collecte them, as they have done, by legal proceedings.

By the death of Herencia his widow and children became the owners of the credit under consideration and if they can collect it by means of an agent, they can do so personally with greater reason.

The ground stated under letter *c,* that is, the fact of the existence of the entity "the succession of the deceased," is likewise no reason for denying the capacity of the widow and children of Herencia to sue because they themselves form that succession which had to be specified in the complaint by naming the individual members thereof in order that the action might have vitality.

As to the reasons given under letter *d,* neither can it be held that the action should have been brought by an administrator duly appointed by the court because among the plaintiffs there were minors who at the time the partition was made resided outside of Porto Rico.

Section 25 of the Law of Special Legal Proceedings, approved March 9, 1905, as amended by the Act of March 8, 1906, provides that when all or any of the heirs are absent and have no legal representative in the jurisdiction of the last place of residence of the deceased or of the place where his property is situated, or when an heir or legatee is a minor or is incapacitated and is not represented by his father or mother or by a tutor who has given bond according to law, judicial administration of the property of the testator shall be necessary.

The minor children of Herencia, whether absent or present, had a legal representative in the person of their mother, hence judicial administration of the estate of the deceased was not necessary.

The lack of capacity to sue having been alleged without stating facts in support thereof, if it had to be deduced from the complaint itself, such lack of capacity might be understood to be because the mother could not represent her minor children. Let us consider the demurrer from that standpoint. In looking for some statute to sustain the same we find section 56 of the Code of Civil Procedure which reads as follows:

"Section 56.—When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by

a guardian *ad litem* appointed by the court in which the action is pending, in each case, or by a judge thereof.   *   *   *.''

That section does not repeal section 223 of the Civil Code which provides, among other things, that the father and the mother have, with respect to their children not emancipated, the duty of representing them in the exercise of all actions which may redound to their benefit, and, harmonizing the provisions of the two codes, we may reach the conclusion that by reason of *patria potestas* the father or the mother may represent their minor children and that only when there are conflicting interests the children may be represented by their general guardian or by a guardian *ad litem* appointed by the court.

In the present case there are no conflicting interests between the widow and her children, the plaintiffs. The Supreme Court of Spain in its judgment of June 17, 1903, held that article 165 of the Spanish Civil Code (section 230 of the code of Porto Rico) is not applicable to an action of debt when a mother is defendant in her own name and in representation of her minor children, because in that case the interests are common and not conflicting. Civil Jurisprudence, volume 95, page 951. We adopt that doctrine and find it applicable to the case at bar.

The demurrer on the ground of lack of legal capacity to sue was not pleaded in proper form and on that ground it could have been overruled; but even considering it on its merits, as we have, it is bad.

This being the case, the decision of the controversy between the parties must be in favor of the plaintiffs to the effect that both defendants are liable for the obligation sued for in the complaint; not *in solidum,* however, as contended, but jointly, according to section 1104 of the Civil Code which reads as follows:

''Section 1104.—The concurrence of two or more creditors, or of two or more debtors in a single obligation, does not imply that each one of the former has a right to ask, nor that each one of the

latter is bound to comply in full with the things which are the object of the same. This shall only take place when the obligation determines it expressly, being constituted as a joint obligation.''

The solidarity of the obligation has not been established in the present case.

Julián Herencia was the lawful owner of the promissory note whose authenticity must be admitted because it has not been impeached in the manner provided for by section 121 of the Code of Civil Procedure, and Herencia having died before the obligation had been extinguished in whole or in part, his succession, composed of the plaintiffs, acquired the right to collect the same. The credit was not allotted to any of the heirs, but by agreement among all of them it remained their common and undivided property, the widow being empowered to collect the same, and this is no obstacle to the bringing of an action to collect it by the widow and children of Herencia, as they have done.

For the foregoing reasons the judgment appealed from should be reversed and the complaint sustained, the defendants being adjudged to pay jointly to the plaintiffs the sum of $1,500, the amount of the promissory note, with lawful interest from the date of the filing of the complaint and the costs, disbursements and attorney's fees.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.